MATTER OF YOUNG

In Visa Petition Proceedings

A-18505403

*Decided by Board June 15, 1972*

The holdings in *Matter of Ng*, Interim Decision No. 2147, and *Matter of Poon*, Interim Decision No. 2153, are extended to recognize as valid for immigration purposes the adoption in mainland China in 1926 or 1927 of a male child, even though not related by blood, not of the same clan, and not of the same surname. [*Matter of Chin*, 12 I. & N. Dec. 240, reaffirmed.]

ON BEHALF OF PETITIONER:
Gerald L. McVey
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney
(Brief filed)

The United States citizen petitioner applied for preference status for the beneficiary as his married adopted son under section 203(a)(4) of the Immigration and Nationality Act. The District Director denied the petition in an order dated April 7, 1971. The District Director based his denial upon this Board's precedent decision in *Matter of Yiu*, 13 I. & N. Dec. 624 (BIA, 1970). The petitioner appeals from the denial. The matter will be remanded for further proceedings.

The beneficiary is a married male, who was born in mainland China in 1924. He was purportedly adopted in either 1926 or 1927 by petitioner's spouse, with petitioner's consent.

The law governing the validity of an adoption in mainland China in 1926 or 1927 was the Ching Code, along with Chinese customary law. The provisions of the Ching Code remained in effect following the establishment of the Nationalist Republic of China in 1911. The portions of the Ching Code dealing with adoption continued in force until May 5, 1931, when they were replaced by an adoption law enacted by the Nationalist Government.

At the time he made his decision in this case, the District Director was not incorrect in making reference to our decision in the *Yiu* case. Although the *Yiu* case dealt with an adoption in Hong Kong, the same principles are present, inasmuch as the Ching Code and Chinese customary law also govern the validity of Chinese adoptions in Hong Kong.

In *Matter of Yiu, supra,* which was concerned with the validity of the adoption of a female, we noted that (1) "Chinese customary law permits adoption only for purposes of succession to the family [cult] and is limited to males," (2) "the adoption of strangers is prohibited and allowed only when a person has exhausted all his kindred," and (3) "the adopted child must be of the same surname."

The District Director denied the petitioner's application because the petitioner had not established that the purported adoption met the criteria set forth in the *Yiu* case.

As we stated in *Matter of Chin,* 12 I. & N. Dec. 240 (BIA, 1967), the Ching Code provided for two kinds of adoption: (1) adoption of a male child for the purpose of instituting him as an heir for perpetuation of the ancestral cult, and (2) adoption of a child, whether male or female, without intending to institute it as an heir. In the *Chin* case we noted that the Ching Code provided a number of restrictions with respect to the first type of adoption, namely that the child must be male and come from the same kindred, but that these restrictions did not apply to adoptions of the second type.

Subsequent to the District Director's decision in the present case, we had occasion to reconsider the principles enunciated in the *Yiu* decision. As a result, in *Matter of Ng,* Interim Decision No. 2147 (BIA, April 28, 1972), we receded from our holding in the *Yiu* case and recognized the adoption of a female in Hong Kong. In *Matter of Poon,* Interim Decision No. 2153 (BIA, June 12, 1972), we extended our holding in *Ng* to recognize the validity in Hong Kong of an adoption of a male child, even though not related by blood, not of the same clan, and not of the same surname.

The issue in the present case is whether we should apply the same reasoning used in *Matter of Poon, supra,* to a similar adoption occurring in mainland China prior to May 5, 1931. We believe that we should extend our ruling in the *Ng* and *Poon* cases to cover the present case. Our holdings in those two cases are accordingly extended. We also reaffirm our earlier decision in the *Chin* case, *supra,* in which we recognized the validity of the simple adoption of a male of a different family under the Ching Code.

In the present case the District Director never reached the factual issue of the validity of the adoption. In the absence of any findings in that regard we have no choice but to remand the matter for further proceedings. The following order will, therefore, be entered.

**ORDER:** The matter is remanded for further proceedings not inconsistent with the foregoing.